NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTHIE O.E. HENRY, <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br>       Defendant-Appellee. | No.   19-35939 <br><br> D.C. No. 3:18-cv-05583-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 2, 2021[**]
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Ruthie Henry appeals the district court decision affirming the Commissioner

of Social Security's denial of disability benefits. Reviewing the agency's

factfinding for substantial evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2019), we affirm.

The Administrative Law Judge ("ALJ") performed the five-step analysis and determined that Henry was not disabled. The ALJ found that Henry would be able to conduct her past work as an administrative clerk in addition to other jobs existing in significant numbers in the national economy. Under our deferential review, if the record could reasonably support either affirming or reversing, we must affirm. *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

The ALJ's evaluation of the medical evidence is supported by substantial evidence. The conclusion that Henry's anxiety and depression were non-severe impairments is supported by the evidence that her symptoms were controlled effectively with medication. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."). The conclusion that Henry's hand tremor, carpal tunnel syndrome, and bipolar disorder were also non-severe impairments is supported by the absence of evidence establishing severe impairment during the relevant period. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (burden on claimant to establish disability). The limited weight given to Dr. Harrison's testimony is supported by the conflict between his testimony and other record evidence. *See Ford v. Saul*, 950 F.3d 1141, 1155–56 (9th Cir. 2020) (holding that

an examining physician's opinion may be discounted if it is contradicted by other medical opinions and the ALJ cites specific and legitimate reasons for discounting it). Finally, though Henry disagrees with the weight given to the non-examining doctors' opinions, we are not a factfinder and may not adopt an alternate interpretation of those opinions, even if it would also be reasonable.

The ALJ's discounting of Henry's testimony is supported by substantial evidence. The ALJ considered Henry's testimony about her limitations but ultimately found it to be inconsistent with other evidence, such as her successful recovery from the heart attack and frequent physical activity including daily walks. An ALJ may discount a claimant's testimony when it conflicts with record evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ's discounting of the testimony of Henry's husband, Bart Henry, is supported by substantial evidence. The ALJ found that his testimony primarily related to symptoms occurring outside the relevant period. Also, because the testimony overlaps, some of the reasons given by the ALJ for discounting Henry's testimony further support the discounting of Bart Henry's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1114, 1122 (9th Cir. 2012) (holding that an ALJ must give germane reasons for discounting lay testimony and that a failure to do so is harmless if evidence that the ALJ cited as discrediting other testimony also

discredits the lay testimony).

The ALJ's residual functional capacity assessment was proper, based on findings supported by substantial evidence, and free of harmful legal error.

The ALJ's findings at steps four and five are supported by substantial evidence. Henry argues that the ALJ erred by posing incomplete hypotheticals to the vocational expert. But the hypotheticals were incomplete only insofar as we adopt Henry's assessment of the facts over the ALJ's assessment of the facts, which we cannot do.

**AFFIRMED**.